**Scott SIEBER, Plaintiff–Appellant,**

v.

**John E. POTTER, Defendant–Appellee.**

**Docket No. 04–3289.**

United States Court of Appeals, Second Circuit.

July 22, 2005.

Christina A. Agola, Rochester, New York, for Plaintiff–Appellant.

Stephan J. Baczynski, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York, Mary E. Fleming), Buffalo, New York, for Defendant–Appellee, of counsel.

Present: WESLEY, HALL, Circuit

Judges, and TRAGER, District Judge.[1]

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is hereby **AFFIRMED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff Scott Sieber challenges the grant of summary judgment dismissing his claim of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. We affirm for substantially the reasons stated by the district court in its Decision and Order dated May 23, 2004.

Sieber alleges that throughout his ten-year employment with the United States Postal Service, appellees knew of his dual employment with United Parcel Service (UPS) but failed to take any action against him despite the Postal Service's rules against working for a competing carrier of mailable matter. Sieber claims that the timing of his termination suggests an intention to retaliate against him for participating as a witness in a former co-worker's discrimination suit against the Postal Service.

With regard to Sieber's Title VII claim, the district court correctly found that plaintiff failed to meet his burden of proof under *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) that his discharge occurred in circumstances giving rise to an inference of discrimination. *See also Fisher v. Vassar College*, 114 F.3d 1332, 1335 (2d Cir.1997) (en banc). Applying the *McDonnell Douglas* framework to his claim of retaliatory discharge, we conclude that Sieber has failed to meet his burden of proof because he cannot show that the Postal Service's decision to terminate his employment had any causal connection to any protected activity. We agree with the district court that "no reasonable trier of fact could conclude that Plaintiff's termination was caused by anything other than his refusal to resign his employment with UPS."

We have reviewed the other claims raised by Sieber on appeal, and we find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.